UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

JAMES ALLEN GUINN, )
 )
       Plaintiff, )
 )
  v. ) No. 2:08-CV-23-JCH
 )
COUNTY OF RANDOLPH MISSOURI, et al., )
 )
       Defendants. )

## **MEMORANDUM AND ORDER**

This matter is before the Court upon the application of James Allen Guinn[1] (registration no. 365361) for leave to commence this action without payment of the required filing fee.

### **28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his

---

[1] In the amended complaint [Doc. #7], plaintiff attempts to name, as a party-plaintiff, his minor son "J.C.G." Plaintiff has failed to file a motion to act as next friend. *See* Fed.R.Civ.P. 17(c). Moreover, the Court questions whether plaintiff may bring this action pro se on behalf of his son, J.C.G. *See Cheung v. Youth Orchestra Foundation of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir. 1990)(nonattorney parent must be represented by counsel when bringing action on behalf of child); *Meeker v. Kercher*, 782 F.2d 153, 154 (10th Cir. 1986)(minor child cannot bring suit through parent action as next friend if parent is not represented by counsel); *see also Lewis v. Lenc-Smith Mfg. Co.*, 784 F.2d 829, 830 (7th Cir. 1986)(person not licensed to practice law may not represent another individual in federal court). Because the Court is dismissing this case prior to service of process, it will not address the propriety of granting plaintiff next friend status on behalf of his minor son.

prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account; or (2) the average monthly balance in the prisoner's account for the prior six-month period. *See* 28 U.S.C. § 1915(b)(1). After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. *See* 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. *See* 28 U.S.C. § 1915(a)(1),(2). A review of plaintiff's account statement indicates an average monthly deposit of $62.50, and an average monthly account balance of $8.91. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $12.50, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the

action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

**The amended complaint**

Plaintiff, an inmate at the Northeast Correctional Center, brings this 42 U.S.C. § 1983 action against defendants County of Randolph and State of Missouri. Liberally construing the amended complaint, it appears that plaintiff is alleging that he was falsely arrested and convicted of state charges, and that the conviction subsequently was reversed. He claims that his civil rights were violated by the state prosecuting attorney's use of improperly-obtained evidence in connection with the underlying

3

state criminal matter, as well as numerous trial court errors in ruling on his various motions and voir dire objections and strikes for cause. Plaintiff seeks monetary damages.

Having carefully reviewed the amended complaint, the Court concludes that this action is legally frivolous. At the outset, the Court notes that plaintiff has named two defendants in the caption of the complaint, but he asserts no allegations against either of them. "Liability under section 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *see also Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); *Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995) (respondeat superior theory inapplicable in § 1983 suits).

Moreover, the County of Randolph is subject to liability under § 1983 only if the alleged constitutional deprivation is the result of an official policy or custom of the County. *See Monell v. Department of Social Serv.*, 436 U.S. 658, 691 (1978). Plaintiff alleges no facts relative to policy or custom. Similarly, the complaint is legally frivolous as to defendant State of Missouri, because a state is not a "person" under § 1983. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 63 (1989). As such,

4

the complaint will be dismissed, without prejudice, as legally frivolous.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED.**

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial partial filing fee of $12.50 within thirty (30) days from the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the complaint is legally frivolous and/or fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

An appropriate order shall accompany this order and memorandum.

Dated this 20th day of May, 2008.

/s/ Jean C. Hamilton
**UNITED STATES DISTRICT JUDGE**